UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHRISTOPHER CHINCHILLA,<br><br>    Petitioner,<br><br>  v.<br><br>CLARK E. DUCART, Warden,<br><br>    Respondent. | Case No. SACV 14-1298-JVS (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

  The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On April 13, 2016, Petitioner filed objections to the R&R. The Magistrate Judge ordered Respondent to file a reply, which he did on May 6, 2016.

  Petitioner objects to the Magistrate Judge's analysis of whether trial counsel performed deficiently in cross-examining Jorge David Sotelo and in not calling a gang expert. (Objections at 3-13.)[1] Quoting United States v. Span, 75 F.3d 1383, 1389

---

[1] Petitioner seems to state that his counsel did not cross-examine Sotelo at all. (Objections at 4-5.) That is incorrect.
                    (continued...)

(9th Cir. 1996) — which was a direct appeal of a federal criminal conviction — Petitioner asserts that "[s]imply referring to a decision by trial counsel as a 'trial strategy' or an action 'a competent attorney could have reasonably decided' does not 'automatically immunize an attorney's performance from Sixth Amendment challenges.'" (Objections at 4.)  He also asserts that a federal court cannot deny habeas relief "on the basis of facts which the state court never properly found." (Id. at 5 (citing Cullen v. Pinholster, 563 U.S. 170 (2011)); see id. at 5-13.) But under AEDPA's doubly deferential standard of review, the question is whether there is "any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011); see generally Strickland v. Washington, 466 U.S. 668 (1984). "Strickland specifically commands that a court 'must indulge the strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Pinholster, 563 U.S. at 196 (quoting Strickland, 466 U.S. at 689-90 (alteration omitted)). The court must "affirmatively entertain the range of possible" reasons counsel may have had for proceeding as she did. Id.

    Accordingly, the Magistrate Judge properly presumed that counsel's acts or omissions were strategic decisions and pointed to parts of the state-court record supporting that presumption. (R&R at 17-20, 22-25); see Pinholster, 563 U.S. at 191 (presuming that counsel's actions were matter of "trial strategy" "[r]ather

---

¹ (...continued)
(See Lodged Doc. 2, 4 Rep.'s Tr. at 780-89.)

than . . . neglect" and noting statements by counsel in state-court record "support[ing] the idea that [petitioner's] counsel acted strategically"). What Petitioner labels as the Magistrate Judge's "conjecture" and "speculation" (Objections at 3, 5) in fact represents the exact type of analysis the Supreme Court has instructed habeas courts to conduct. It is Petitioner's burden to overcome the presumption of competent representation, Strickland, 466 U.S. at 689, and he has failed to do so for the reasons noted by the Magistrate Judge (R&R at 16-25).

Petitioner seems to assert that the supreme court's failure to order an evidentiary hearing resulted in a decision based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). (See Objections at 7, 13.) But the state court's factfinding process was not unreasonable simply because it denied his request for an evidentiary hearing; it could reasonably have concluded that the record and declarations attached to the habeas petition were sufficient to decide his claims. See Hibbler v. Benedetti, 693 F.3d 1140, 1147 (9th Cir. 2012) (state court's failure to hold evidentiary hearing does not make factfinding process unreasonable "so long as the state court could have reasonably concluded that the evidence already adduced was sufficient to resolve the factual question"). As the Magistrate Judge found (R&R at 35 n.7), nothing indicates that the supreme court failed to consider his attached declarations in denying him an evidentiary hearing. See Woods v. Sinclair, 764 F.3d 1109, 1128 (9th Cir. 2014), cert. denied sub nom. Holbrook v. Woods, 135 S. Ct. 2311 (2015).

The cases cited and discussed by Petitioner (see Objections

at 6-12) are inapplicable.  In Williams v. Woodford, 859 F. Supp. 2d 1154 (E.D. Cal. 2012), the court found that the state courts' factfinding process was fundamentally flawed because the petitioner was not given an opportunity to "take discovery and present evidence extrinsic to the trial record in support of his [ineffective-assistance-of-counsel] claim." Id. at 1160; see also id. (noting that state court's decision was based on "facts available in the record on appeal" and did not include "extensive evidence [petitioner] tried in vain to present to the state courts").  But that petitioner had raised his claim in the trial court, on direct appeal, and in habeas proceedings and was consistently denied the opportunity to make a record.  See id. at 1156-60.  Here, Petitioner raised two of his three ineffective-assistance-of-counsel claims only to the state supreme court on habeas, and in support of that petition, he submitted declarations from his habeas counsel and a gang expert.

　　　In Coleman v. Sisto, No. 2:09-cv-0020 DAD, 2012 WL 6020095 (E.D. Cal. Dec. 3, 2012), aff'd, 591 F. App'x 597 (9th Cir. 2015), the court found that the state court unreasonably determined the facts in rejecting the petitioner's ineffective-assistance-of-counsel claim by finding that counsel's conduct was a tactical decision when that was "exactly opposite from [counsel's] uncontradicted, sworn assertion." Id. at *29.  Here, however, Petitioner presented no declaration from his trial counsel regarding her decisions in cross-examining Sotelo and not calling a gang expert.  And the portion of Hurles v. Ryan, 752 F.3d 768 (9th Cir.), cert. denied, 135 S. Ct. 710 (2014), cited by Petitioner concerned defective factfinding by the state court

in deciding a judicial-bias claim, not an ineffective-assistance-of-counsel claim. Id. at 790-91; see Walker v. Martel, 709 F.3d 925, 940 (9th Cir. 2013) ("Strickland bears its own distinct substantive standard for a constitutional violation; it does not merely borrow or incorporate other tests for constitutional error and prejudice.").

Petitioner's other cited cases are not from the Ninth Circuit and therefore are not binding precedent. In any event, some of them are irrelevant because they do not concern § 2254(d)(2). See Winston v. Pearson, 683 F.3d 489, 500-02 (4th Cir. 2012) (holding that state-supreme-court decision was not adjudication on merits under AEDPA); Fanaro v. Pineda, No. 2:10-CV-1002, 2012 WL 1854313, at *3 (S.D. Ohio May 21, 2012) (holding that state court unreasonably applied clearly established law in rejecting claim that counsel was ineffective for giving inadequate advice during plea negotiations).

Petitioner objects to the Magistrate Judge's conclusion that the state court was not objectively unreasonable in finding that he was not prejudiced by any deficient performance by counsel in cross-examining Sotelo and not calling a gang expert. (Objections at 13.) As an initial matter, although Petitioner's habeas counsel asserts repeatedly that trial counsel did not meet with or prepare Sotelo to testify (see, e.g., Objections at 4, 15), as the Magistrate Judge pointed out (R&R at 17), he has never presented any evidence to support that claim. Nothing prevented counsel from seeking such evidence from Sotelo, but he apparently has never done so. He further incorrectly argues that "the only defense that was put forward" was self-defense and that

Sotelo's testimony "determine[d] the fate" of their "mutual defense." (Objections at 15.) The record, however, shows otherwise. As the Magistrate Judge noted (R&R at 20-21), trial counsel did not argue in closing that Sotelo acted in self-defense but rather that Petitioner did not intend to aid and abet him; she contested the gang-gun theory, argued that Petitioner did not know Sotelo had a gun, and emphasized that Petitioner did not gesture or tell Sotelo they were being followed and was not even near him at the time of the shooting. She adduced evidence to support these arguments during her cross-examination of Sotelo.

Regarding prejudice from counsel's failure to call a gang expert, Petitioner asserts that Officer Sergio Gutierrez's "testimony constitutes compelling evidence of the victims' gang membership." (Objections at 17.) But he provides no citation to the record showing that Officer Gutierrez testified that he frisked Angel Huitron Novoa because he thought he had a weapon, nor does Petitioner explain how such testimony would have established that Angel and the others were gang members. As the Magistrate Judge noted (R&R at 25), no evidence other than Sotelo's self-serving testimony even suggested that the victims were gang members, and the prosecution's case strongly indicated that they were not.

Petitioner objects to the Magistrate Judge's conclusion that the state court was not objectively unreasonable in finding that counsel was not ineffective for failing to request an instruction on imperfect self-defense. (Objections at 18-25.) He asserts that the Magistrate Judge erred in distinguishing Crace v.

Herzog, 798 F.3d 840 (9th Cir. 2015) (holding that state court was objectively unreasonable in applying Strickland when it found no prejudice from trial counsel's failure to request lesser-included-offense instruction simply because sufficient evidence supported jury's verdict on greater offense). (Objections at 19-23.) He argues that Crace is "directly on point" because the court of appeal's decision was "nothing more than an unequivocal statement that the jury found sufficient evidence to convict" him of the greater offense. (Id. at 20.) But as the Magistrate Judge explained (R&R at 28-30), the court of appeal did not focus its analysis solely on whether sufficient evidence supported the attempted-murder convictions. Instead, it reasoned that the jury discredited Sotelo's self-defense testimony, noting the jury's separate guilty verdicts on robbery and assault — crimes wholly different from the greater and lesser offenses at issue. The court explained that because the jury necessarily rejected Sotelo's testimony, an instruction on imperfect self-defense would not have changed the outcome. Petitioner acknowledges that the evidence "necessary to support the robbery and assault charges is completely distinct from that which supports the premeditated attempted murder charges." (Objections at 22.) Thus, as the Magistrate Judge found (R&R at 30), the court of appeal's prejudice analysis was not the same as that held to be objectively unreasonable in Crace.

  Petitioner asserts that the Magistrate Judge's conclusion that the state court was not objectively unreasonable in finding that counsel did not perform deficiently in failing to request the instruction "directly conflicts" with the California Supreme

7

Court's holding in People v. Breverman, 19 Cal. 4th 142, 154 (1998). (Objections at 24.) But Breverman concerned a trial court's sua sponte duty to instruct on lesser included offenses and said nothing about defense counsel's duty to request such instructions. See 19 Cal. 4th at 148.

Finally, Petitioner objects to the Magistrate Judge's recommendation that the Court deny his request for an evidentiary hearing. (Objections at 25-26.) As the Magistrate Judge correctly noted (R&R at 36), however, an evidentiary hearing is not required because the state-court record — which includes the declarations he submitted with his state habeas petition — precludes habeas relief under § 2254(d). See Pinholster, 563 U.S. at 183.

Having reviewed de novo those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge. IT IS ORDERED that Judgment be entered denying the Petition, denying Petitioner's request for an evidentiary hearing, and dismissing this action with prejudice.

DATED: June 1, 2016

_____
JAMES V. SELNA
U.S. DISTRICT JUDGE